LEE ROY ADAMS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Adams v. Commissioner
Docket No. 3234-74.
United States Tax Court
T.C. Memo 1976-236; 1976 Tax Ct. Memo LEXIS 166; 35 T.C.M. (CCH) 1022; T.C.M. (RIA) 760236; July 29, 1976, Filed Lee Roy Adams, pro se. Charles H. Cowley, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined a deficiency of $631.69 in the Federal income tax of petitioner for the year 1972. By virtue of an amendment to the pleadings, such deficiency was subsequently increased to $1,130.95. The issue presented for decision [1] is whether certain living expenses incurred by petitioner in that year are deductible as business expenses incurred "while away from home". *167 FINDINGS OF FACT Some facts were stipulated and are so found. Petitioner, Lee Roy Adams, filed his individual income tax return for the year 1972 with the Internal Revenue Service Center in Ogden, Utah. At the time of filing of the petition herein, he resided in Thornton, Colorado. From 1955 through the year in issue, petitioner was employed as a construction supervisor for a Denver construction company engaged in the construction of highways, dams, and bridges. Prior to 1972 petitioner purchasesed a house and lot in Alma, Colorado, a small community located approximately 80 miles from Denver. Petitioner also owned a mobile home. Between 1968 and 1971 petitioner was assigned to various jobsites located in Colorado and New Mexico. When petitioner was assigned to work outside of Denver, he resided in a motel or his mobile home and was reimbursed by his employer for the expenses incurred. In late 1971 and in June 1972 petitioner's employer entered into two contracts with the State of Colorado for work to be done in the Denver area. The contracts called for completion within 200 and 100 working days, respectively. Petitioner was assigned to work on these projects. *168 During the year in issue petitioner worked on jobsites pursuant to these contracts for his employer in the Denver area and lived in his mobile home which he located in Thornton, a suburb of Denver. Petitioner usually spent long weekends, holidays and slack work periods in the winter months at the house in Alma. In petitioner's absence from Alma the house remained unoccupied. Since petitioner's employer considered Denver to be his home base of operations, the company did not pay petitioner's living expenses during the year in question. Work on the contracts proceeded slowly. Petitioner continued to work at jobsites in Denver and to reside in his mobile home there through 1973. On his Federal income tax return for 1972 petitioner deducted $3,640 [2] as a business expense incurred while away from home pursuant to section 162(a)(2). [3]
OPINION The issue presented is whether petitioner was "away from home" when he incurred the living expenses in the Denver area. Respondent *169 takes the position that since petitioner's employer reimbursed him for any expenses incurred as a result of supervising a job outside Denver, petitioner maintained both his principal place of business and his tax home in Denver. Petitioner had worked out of the Denver office for approximately 17 years. Denver was considered petitioner's home base of operations by his employer, and petitioner continuously resided there in his mobile home throughout the year in issue. When petitioner was required to work outside Denver, his employer paid his expenses. In view of the foregoing, we find that petitioner maintained the house in Alma for personal reasons, residing there only intermittently. Accordingly, we hold that Denver was his principal place of business and his tax home in this instance. . ; . Petitioner maintains that Denver was not his principal place of business but rather only a temporary assignment. He relies heavily on the limited duration of the two contracts involved to support this position. In our view, *170 the fact that such contracts were of limited duration does not diminish the permanecy of petitioner's employment situation in Denver. The contracts in issue were but an integral part of petitioner's long-term position with the same employer. Accordingly, since petitioner was not away from home when the expenses were incurred, he is not entitled to the claimed deduction. Decision will be entered for the respondent.
Footnotes
1. Petitioner apparently has conceded the other deductions disallowed in the statutory notice of deficiency by his failure to introduce any proof on these issues.↩
2. Petitioner computed the deduction at the rate of $14.00 per day for 260 days. ↩
3. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended.↩